UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| A. D. by next friend, ) | |
| SUSAN DABROWSKI, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:07-CV-116-PRC |
| ) | |
| HUGH Z. NELSON, individually and as ) | |
| employee of the School City of Hammond, ) | |
| and SCHOOL CITY OF HAMMOND, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [DE 8], filed by Defendant School City of Hammond on June 19, 2007. The Plaintiff failed to file a response and the time to do so has passed. Based on the following, the Court grants the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**PROCEDURAL AND FACTUAL BACKGROUND**

The Plaintiff filed his Complaint on April 16, 2007, which states that he suffers from a seizure disorder, hyptonia, cerebral ataxia, a mental handicap, does not speak, and as a result is disabled. The Plaintiff alleges that Defendant Hugh Z. Nelson ("Defendant Nelson") is a special education teacher at Gavit High School in Hammond, Indiana, and that Defendant School City of Hammond (collectively, "Defendants") is a school corporation that operates a special education program for students who suffer from disabilities, including the Plaintiff. According to the Plaintiff, on April 15, 2005, Defendant Nelson, or someone acting on his behalf, placed the Plaintiff in a harness and moved him into a stall in a school bathroom. The Plaintiff contends that he was left in the bathroom for several hours and was unable to move or call for assistance. The Plaintiff alleges that this incident constitutes unlawful restraint and abandonment and violated the following of his

rights: the right to be secure in his person and be free from unreasonable seizure under the Fourth Amendment to the United States Constitution applied to the states through the Fourteenth Amendment, the right to liberty without deprivation unless by due process of law, the right to substantive due process, and the right to be free from discrimination based on physical and mental abilities.  Based on these alleged deprivations, the Plaintiff brought causes of action against the Defendants pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.  The Plaintiff also filed a tort claim for negligence against the Defendants.

On June 19, 2007, Defendant School City of Hammond filed a Motion to Dismiss Count I of the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that it failed to state causes of action under the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983.  Defendant School City of Hammond filed a supporting brief on the same day and incorporated Defendant Nelson as a party submitting the brief.  Because the Defendants are represented by the same attorneys and they jointly filed the supporting brief, which substantively addresses the Plaintiff's claims against both Defendant School City of Hammond and Defendant Nelson, the Court construes the Motion to Dismiss as being filed on behalf of both Defendants.  The Plaintiff failed to respond to the Motion to Dismiss or the supporting brief and the time to do so has expired.  The Motion is now before the Court.

The parties consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.  Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a 12(b)(6) motion to dismiss, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, — F.3d —, 2007 WL 2215764, *2 (7th Cir. Aug. 3, 2007) (quoting *Bell Atlantic*, 127 S.Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic*, 127 S.Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

**ANALYSIS**

In their Motion, the Defendants argue that the Plaintiff failed to state a cause of action upon which relief can be granted under the ADA or 42 U.S.C. § 1983. The Plaintiff failed to respond to the Defendant's Motion; however, the Court will evaluate the Motion on its merits and now turns to each of the claims submitted in Count I of the Plaintiff's Complaint to evaluate whether he alleged causes of action upon which relief may be granted.

3

## I. Americans With Disabilities Act

The Defendants contend that to sustain an ADA claim, it is necessary for the Plaintiff to demonstrate a causal link between his injury and a discriminatory intent on the part of the Defendants. According to the Defendants, the Plaintiff's Complaint fails to allege that the Defendants acted with discriminatory intent.

The ADA seeks to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1) (2003). The ADA consists of five titles: Employment (Title I), Public Services (Title II), Public Accommodations (Title III), Telecommunications (Title IV), and Miscellaneous Provisions (Title V). *See* Americans With Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 327, 327-28 (1990); *Brettler v. Purdue Univ.*, 408 F. Supp.2d 640, 651 (N.D. Ind. 2006). The Plaintiff does not specify which Title of the ADA he wants to use to bring his claim. The Court finds that Title II, Public Services, is the most appropriate Title of the ADA for the Plaintiff's claim. Title II states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

In evaluating motions to dismiss, statutory claims are to be properly dismissed for failing to allege the statutory elements of a claim. *See Stansberry v. Uhlich Children's Home*, 264 F.Supp.2d 681, 686 (N.D. Ill. 2003) (finding that a plaintiff need not plead the prima facie elements of a statutory claim to survive a motion to dismiss but must plead the statutory elements). To successfully allege a cause of action under Title II of the ADA, pursuant to the statute, a plaintiff must allege that the defendant intended to discriminate or exclude the plaintiff because of the plaintiff's disability. *See* 42 U.S.C. § 12132; *May v. Sheahan*, No. 99 C 0395, 1999 WL 543187,

4

*3 (N.D. Ill. July 21, 1999) (in evaluating the defendant's motion to dismiss, the court found that to state a claim under Title II of the ADA, the "Plaintiff must allege that he is a qualified individual with a disability and that he was denied benefits or discriminated against *because* of his disability") (emphasis added).

Here, the Plaintiff alleges that he is "disabled, suffering from a seizure disorder, hyptonia, cerebral ataxia, and is mentally handicapped." Pl.'s Compl. ¶ 9. The Plaintiff asserts that "Hugh Z. Nelson, or someone acting on his behalf, placed [the Plaintiff] in a safety harness and then placed him in a stall in the washroom." Pl.'s Compl. ¶ 11. The Plaintiff further alleges that he was "restrained in the washroom for several hours[,]" which amounted to "unlawful restraint and abandonment[.]" Pl.'s Compl. ¶¶ 12, 15. The Plaintiff does not allege that Defendant Nelson or any other actor left him in the bathroom because of his disability. In Count II of his Complaint, titled Negligence, the Plaintiff alleges that the Defendants negligently left him in the bathroom. The United States Court of Appeals for the Seventh Circuit has found that acts of negligence do not form the basis of ADA claims. *See Foley v. City of Lafayette, Ind.*, 359 F.3d 925, 930-31 (7th Cir. 2004) (the plaintiff alleged that the defendant city violated the ADA by failing to repair a broken elevator or otherwise secure the plaintiff's safe egress from a city train station after a snowstorm and the court found that "[i]solated acts of negligence by a city employee do not come within the ambit of discrimination against disabled persons proscribed by the ADA"). Here, the Plaintiff fails to allege that the Defendants left him in the bathroom because he is disabled and instead alleges in another count that they acted negligently. Because the Plaintiff does not allege that the Defendants' actions were in any way a result of animus toward his disability, the Court finds that the Plaintiff's allegations fail to state a claim for discrimination under the ADA.

## II.  42 U.S.C. § 1983

In addition to alleging an ADA violation, the Plaintiff utilizes Count I of his Complaint to allege that the Defendants violated his rights under 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that he was (1) deprived of a federal right, privilege, or immunity (2) by a person acting under color of state law.  *See Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005) (citing *Gomez v. Toledo*, 446 U.S. 635, 638 (1980)).  A plaintiff must allege both § 1983 elements to survive a motion to dismiss.  *See Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005).

In this case, the Plaintiff alleges that by placing him in a stall in a school bathroom, the Defendants deprived him of the following rights, as provided by the United States Constitution: (1) the right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments; (2) the right to liberty; and (3) the right to substantive due process.  *See* Pl.'s Compl. ¶ 15.  Deprivations two and three are related because in the context of the Plaintiff's claim, an individual is entitled to substantive due process when he or she is deprived of liberty.  The Defendants contend that the Plaintiff failed to allege that he suffered a deprivation of his constitutional rights.  The Court will analyze the allegations against each Defendant separately.

*A.  Defendant School City of Hammond*

To establish a § 1983 claim against Defendant School City of Hammond, the Plaintiff must show that the municipal entity violated his constitutional rights in one of three ways: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.  *See Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006).  Ultimately, to prevail, a plaintiff must show that through deliberate

conduct, the local government agency was the "moving force" behind the alleged injury. *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997).

In this case, the Plaintiff's pleading falls short of alleging that Defendant School City of Hammond was the "moving force" behind his alleged injury. The Plaintiff makes no allegations that Defendant School City of Hammond was involved in his alleged injury other than stating that Defendant Nelson worked in a School City of Hammond school and that "[d]uring the acts alleged in this complaint, Hugh Z. Nelson was acting under the color of the rules and regulations of the School City of Hammond." *See* Pl.'s Compl. ¶ 7. Taking this allegation as true, the Plaintiff does not allege that Defendant School City of Hammond had an express policy or widespread practice in place depriving constitutional rights or that a final policymaker engaged in the deprivation of the Plaintiff's rights. As a result, the Court finds that the Plaintiff's allegations are not sufficient to establish a § 1983 claim against Defendant School City of Hammond.

### *B. Defendant Nelson*

The Plaintiff sued Defendant Nelson both as an individual and as an employee of the School City of Hammond. The Plaintiff is thereby suing Defendant Nelson as a private actor in his personal capacity and as a public actor in his official capacity. The distinction between the two roles is not insignificant. *See Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). Personal capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law. . . . Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. City Dept. of Social Services of City of New York*, 436 U.S. 658, 690 n. 55 (1978)). In an official capacity suit, the plaintiff alleges that the defendant was a party to the execution or implementation of the unlawful policy or conduct by a municipality. *See Hill*, 924 F.2d

7

at 1372.  In an official capacity suit, the real party in interest is the municipality.  *See id*.  As discussed *supra*, the Plaintiff's Complaint fails to allege that the School City of Hammond enacted a policy or widespread practice of depriving constitutional rights or that a final policymaker acted to deprive the Plaintiff's constitutional rights.  For those reasons, the Plaintiff's § 1983 claim against Defendant Nelson in his official capacity fails and is dismissed pursuant to this Order.

With regard to Defendant Nelson in his personal capacity, a plaintiff can successfully allege that a private individual acted under the color of state law for § 1983 purposes in one of the following two ways: (1) when the state has cloaked the defendant in some degree of authority, normally through employment or other agency relationship, or (2) when the defendants complied or acted in concert with state officials to deprive a person of his civil rights.  *See West v. Atkins*, 487 U.S. 42, 49-50 (1988) (citing *Monroe v. Pape*, 365 U.S. 167, 172 (1961), overruled on other grounds, *Monell*, 436 U.S. at 690) ("[i]t is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State"); *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003).  "Action is taken under color of state law when it is made possible only because the wrongdoer is clothed with the authority of state law."  *Hughes v. Meyer*, 880 F.2d 967, 971 (7th Cir. 1989).

Here, the Plaintiff alleges that Defendant Nelson "is and, at all relevant times was, a special education teacher at Gavit High School in Hammond, Indiana."  Pl.'s Compl. ¶ 5.  The Plaintiff contends that "Hugh Z. Nelson, or someone acting on his behalf, placed [the Plaintiff] in a safety harness and then placed him in a stall in the washroom."  Pl.'s Compl. ¶ 11.  With regard to Defendant Nelson's authority, the plaintiff alleges that "[d]uring the acts alleged in this complaint, Hugh Z. Nelson was acting under the color of the rules and regulations of the School City of Hammond."  Pl's Compl. ¶ 7.  Analyzing the Complaint in a light most favorable to the Plaintiff,

8

the pleading alleges that Defendant Nelson is a municipal employee who acted under the color of the School City of Hammond's rules. Thus, according to the Plaintiff's allegations, Defendant Nelson was a state actor. Finding that the Plaintiff successfully alleged that Defendant Nelson acted under color of state law, the Court turns to discuss whether the Plaintiff properly pleaded that Defendant Nelson violated his constitutional rights. The Court will address each alleged constitutional deprivation in turn.

### 1. Substantive due process

The Plaintiff first contends that Defendant Nelson violated his constitutional right to liberty as protected by substantive due process. The due process clause protects against arbitrary and oppressive exercise of government power. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986). A plaintiff's allegations must go beyond alleging negligent conduct in order to successfully state a claim for deprivation of substantive due process. *See Gibson*, 910 F.2d at 1515. Not even gross negligence will suffice, rather a plaintiff must show that the defendant acted recklessly or intentionally in depriving his substantive due process rights. *See id.*; *Hill v. Shobe*, 93 F.3d 418, 420-21 (7th Cir. 1996) (opinion dismissing plaintiff's estate's claim of a substantive due process violation because the estate's conclusory allegations that the defendant police officer's reckless driving deprived the plaintiff of his right to life did not rise to a level of criminal recklessness, i.e., deliberate indifference, and thus failed to state a claim for injury rising to the level of a constitutional violation).

Negligence was found to be an insufficient basis for a substantive due process claim in *Daniels*, 474 U.S. at 328. In *Daniels*, the prisoner-plaintiff brought a § 1983 claim to recover damages suffered when he slipped on a pillow that a sheriff's officer negligently left on a stairway in a correctional facility where the plaintiff was serving time. The Court held that the plaintiff's lack

of due care negligence action was far from the abuse of power by government officials that substantive due process was intended to protect. *See id*. "To hold that injury caused by such conduct is a deprivation within the meaning of the Due Process Clause would trivialize the centuries-old principle of due process of law." *Id*. Conversely, in *Wudtke v. Davel*, the Seventh Circuit found that the teacher-plaintiff successfully alleged a § 1983 claim for deprivation of substantive due process when she made allegations of serious physical abuse by her supervising school superintendent. *See* 128 F.3d 1057 (7th Cir. 1997). Discussing the defendant's conduct, the court reasoned, "merely negligent action by the state official would not be enough for a substantive due process claim." *Id*. at 1063. The court found that the plaintiff's allegations of physical abuse transcended negligence and stated a cognizable claim. *See id*. at 1064.

Here, the Plaintiff does not allege that Defendant Nelson acted in a manner beyond mere negligence. The Plaintiff is silent as to Defendant Nelson's causal culpability. He does not allege that Defendant Nelson's actions were reckless or intentional and fails to provide any allegations regarding the Defendant's conduct that would inform Defendant Nelson of the true nature of his claim. To clarify, the fact that the Plaintiff fails to expressly plead that Defendant Nelson committed an intentional act is not fatal. More controlling in the Court's analysis is the Plaintiff's failure to provide a set of facts describing Defendant Nelson's actions that would inform the Court or the Defendant of the substance or basis of the Plaintiff's claim that he was deprived of his constitutional right to due process. The Plaintiff fails to plead that Defendant Nelson acted with more than mere negligence or provide a meaningful description of his due process claim and therefore cannot defeat Defendant Nelson's Motion to Dismiss.

### 2.  Fourth Amendment

The Plaintiff's Fourth Amendment claim focuses on the Amendment's unreasonable seizure prong of protection.  To successfully plead a Fourth Amendment claim, the Plaintiff must first show that he was seized.  A Fourth Amendment seizure occurs when a reasonable person, taking into account all of the surrounding circumstances, believes that he is not free to leave.  *See U.S. v. Mendenhall*, 446 U.S. 544, 554 (1980).  "The principal concern of the Fourth Amendment's prohibition against unreasonable searches and seizures is with intrusions on privacy in the course of criminal investigations."  *Ingraham v. Wright*, 430 U.S. 651, 673 n. 42 (1977).  However, the Supreme Court has applied the Fourth Amendment's protection against unreasonable searches to the school context, *see New Jersey v. T.L.O.*, 469 :U.S. 325 (1985), and the Seventh Circuit subsequently applied the Fourth Amendment's unreasonable seizure prong to the school context, *see Wallace by Wallace v. Batavia School District 101*, 68 F.3d 1010, 1014-15 (7th Cir. 1995) (finding that it was not unreasonable, noting the reduced liberty interest experienced by public school students, for a teacher to seize a disruptive student by the arm and remove her from the classroom).

A plaintiff alleging that he was seized in violation of his Fourth Amendment rights must allege that the defendant intended to restrain him.  As the Supreme Court stated in *Brower v. County of Inyo*, "[v]iolation of the Fourth Amendment requires an intentional acquisition of physical control. A seizure occurs even when an unintended person or thing is the object of the detention or taking, ... but the detention or taking itself must be willful."  489 U.S. 593, 596 (1989) (citing *Hill v. California*, 401 U.S. 797, 802-05 (1971); *Maryland v. Garrison*, 480 U.S. 79, 85-89 (1987); *Boyd v. U.S.*, 116 U.S. 616, 624-25 (1886)).  The Court continued, "the Fourth Amendment addresses 'misuse of power,' ... not the accidental effects of otherwise lawful government."  *Id*. (quoting *Byars*

11

*v. U.S.*, 273 U.S. 28, 33 (1927)).  Summarizing its analysis, the Court stated, "a Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby), nor even whenever there is a governmentally caused and governmentally *desired* termination of an individual's freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movement *through means intentionally applied*."  *Brower*, 489 U.S. at 596-97.

Here, the Plaintiff fails to allege that Defendant detained him through means intentionally applied.  Reviewing the Plaintiff's allegations, he asserts that Defendant Nelson, or someone acting under his control, placed the Plaintiff in a safety harness and placed him in a stall in the school washroom where he was restrained for several hours in complete isolation.  The Plaintiff's allegations fit within the first category of restraint in the *Brower* analysis, which includes governmentally caused termination of an individual's freedom of movement.  While the Plaintiff asserts that the act of placing him in a harness in the washroom was a willful act, the Plaintiff fails to allege that by placing him in the harness in the washroom, Defendant Nelson intended to restrain his movement.  The Plaintiff also fails to give the Court a basis to infer that Defendant Nelson intended to restrain his movement, such as that he was the subject of discipline.  Rather, the Plaintiff alleges that he was placed in a stall in the washroom, a seemingly routine activity for a student with the Plaintiff's disabilities.

Additionally, while the Plaintiff alleges that Defendant Nelson had state power through his employment, he fails to address the key issue of how Defendant Nelson's power resulted in a constitutional violation.  The Fourth Amendment addresses misuse of power.  *See Brower*, 489 U.S. at 596.  The Plaintiff alleges that he was brought to the washroom and left there; the Court is left to speculate whether it was a misuse of power.  The Plaintiff's allegations are tailored to a negligence

claim rather than a constitutional rights violation claim. The Court is mindful of the Plaintiff's disability and that a different level of action is required to restrain the Plaintiff than a nondisabled person. However, the Plaintiff's allegations do not rise to the level of a Fourth Amendment seizure. The Court would have to speculate beyond the facts contained in the Complaint to arrive at factual events that amount to a constitutional violation. Thus, the factual allegations in the Plaintiff's Complaint are not sufficient to raise the possibility of relief above the "speculative level." *See Concentra Health*, 2007 WL 2215764 at *2.

### III.  Remaining claims

In Counts II and III of his Complaint, the Plaintiff alleges that the Defendants were negligent in leaving him unattended in a bathroom stall, and that Defendant School City of Hammond was negligent in hiring, training, and retaining Defendant Nelson. Pursuant to Seventh Circuit precedent, "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *East-Miller v. Lake County Highway Dept.*, 421 F.3d 558, 564-65 (7th Cir. 2005) (quoting *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999)). Having found that the Plaintiff's federal question claims fail to assert a cause of action for which relief can be granted, the Court now dismisses the Plaintiff's claims for negligence asserted in Counts II and III of his Complaint without prejudice.

### CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Dismiss [DE 8]. The Court **ORDERS** that Count I of the Plaintiff's Complaint is **DISMISSED** with prejudice; Counts II and III of the Plaintiff's Complaint are **DISMISSED** without prejudice.

So ORDERED this 20th day of August, 2007.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record